IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

Case No. _____

| | |
|---|---|
| VICTORIA HENSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| HYUNDAI CAPITAL AMERICA, INC. and | ) |
| WELTMAN, WEINBERG, & REIS CO., | ) |
| L.P.A., | ) |
| | ) |
| Defendants. | |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, Victoria Henson, alleges violation of the Florida Motor Vehicle Sales Finance Act § 520.01 *et seq.* ("MVSFA") and the Florida Consumer Collection Practices Act § 559.55 *et seq.* ("FCCPA") against Hyundai Capital America, Inc. ("Hyundai"). Plaintiff further alleges violation of the FCCPA and Fair Debt Collection Practices Act 15 U.S.C. 1692 *et seq.* against Weltman, Weinberg, & Reis Co. LPA ("Weltman").

**PARTIES**

1. Plaintiff is a natural person and resident of Palm Beach County, FL.

2. Hyundai is a foreign for-profit corporation with its principal place of business at 3161 Michelson Dr., Suite 1900, Irvine, CA, 92612.

3. Weltman is a foreign for-profit corporation with its principal place of business at 323 West Lakeside Ave., Suite 200, Cleveland, OH, 44113.

## JURISDICTION AND VENUE

4. This Court has subject matter under 28 U.S.C. § 1331 because this action arises out of the FDCPA, a federal statute.

5. The Court has supplemental jurisdiction under 28 U.S.C. § 1337 of the state claims because the basis of the FDCPA claim involves the same conduct that forms the basis of the state law claims.

6. The Court has personal jurisdiction under 28 U.S.C. §1391(b)(2) because the acts giving rise to Plaintiff's claims occurred in Palm Beach County, Florida, and the Defendants attempted to collect a debt from Plaintiff in Palm Beach County, Florida.

## FACTUAL ALLEGATIONS

7. On or about September 7, 2013, Plaintiff bought a new Hyundai Elantra ("Vehicle") from Napleton Hyundai, and financed it with Defendant Hyundai under a retail installment sales contract ("RISC").

8. Plaintiff financed an Optional Guaranteed Asset Protection ("GAP") plan that would cover any remaining amount after insurance paid if a total loss of the Vehicle occurred. Plaintiff also financed an optional vehicle protection agreement and service contract.

9. On February 16, 2015, Plaintiff was involved in an accident. Plaintiff immediately notified Hyundai and her insurance carrier that the Vehicle was damaged, and likely totaled, in the accident.

10. At that time, the debt under the RISC agreement was accelerated and Hyundai became the beneficiary of all insurance and GAP proceeds.

11. When the accident occurred, Plaintiff had a $15,328.84 balance on her account with Hyundai.

12. Plaintiff cancelled the optional vehicle protection agreement and service contract and requested credit for the unearned premium charges.

13. Hyundai knew these optional contracts were cancelled because it helped facilitate their cancellation, but Hyundai failed to credit the Plaintiff's account for those unearned premiums.

14. On March 30, 2015, Hyundai improperly charged a $16.24 late fee to the Plaintiff's account. This late fee was improper because the debt was already accelerated.

15. On April 17, 2015, Plaintiff's insurance carrier notified Hyundai that it declared the Vehicle a total loss.

16. On April 23, 2015, Plaintiff's insurance paid Hyundai $13,336.05, leaving $1,992.79, in exchange for Hyundai's release of its lien and title to the Vehicle.

17. On April 30, 2015, and May 30, 2015, Hyundai illegally charged two more $16.24 late fees to the Plaintiff's account.

18. Notwithstanding that the RISC agreement did not permit Hyundai to charge late fees at the time, Hyundai also incorrectly calculated the late fees.

19. The RISC agreement provides for a late charge of 5% of any installment not paid ten days after it becomes due. *Id.* The amount remaining under the RISC agreement was $1,992.79, thereby significantly reducing the Plaintiff's monthly payment that the late fee was based on.

20. Florida law also provides that "the holder may, if the contract or refinancing agreement so provides, collect a delinquency and collection charge on each installment in default for a period not less than 10 days in an amount not in excess of 5 percent of each installment." Fla. Stat. § 520.07(6).

21. Hyundai knew the late fees were incorrect because it received and accepted payment from Plaintiff's insurance carrier. Hyundai then reduced the amount Plaintiff allegedly owed.

22. On December 2, 2015, GAP paid Hyundai $1,735.64. Hyundai then demanded that Plaintiff pay $257.15.

23. Confused, Plaintiff went back and forth with Hyundai trying to figure out why she allegedly owed $257.15.

24. Hyundai told her the amount was interest, but concealed that it also included improper late fees, nor did it reveal that unearned premiums were never credited.

25. Eventually, Hyundai stopped communicating with Plaintiff about any amount it claimed due and owing until February 2016 when it told Plaintiff that she now owed 436.81 because of accrued interest.

26. Hyundai then hired Weltman to collect the illegitimate amount remaining under the Plaintiff's account.

27. On April 15, 2017, and June 1, 2017, Weltman sent a letter to Plaintiff demanding payment of $436.81, on behalf of Hyundai.

28. Hyundai and Weltman acted in concert in attempt to collect an illegitimate debt from Plaintiff.

29. Defendants' conduct caused Plaintiff to be deprived of her right to accurate information concerning the alleged debt and caused Plaintiff to stress and worry about the imminent possibility of paying an illegitimate debt.

**COUNT I AS TO HYUNDAI'S VIOLATION OF THE FLORIDA MOTOR VEHICLE SALES FINANCE ACT § 520.07(6)**

30. Plaintiff is a "person" as defined by Florida Statute § 520.02(14).

31. Hyundai is the "holder" of the RISC agreement. Fla. Stat. § 520.02(8).

32. Florida law provides that "the holder may, if the contract or refinancing agreement so provides, collect a delinquency and collection charge on each installment in default for a period not less than 10 days in an amount not in excess of 5 percent of each installment." Fla. Stat. § 520.07(6).

33. Hyundai charged and tried to collect late fees on installments that were not past due because the debt was accelerated, and further, because the late fees were charged after it received a payout from Plaintiff's insurance.

34. Hyundai also incorrectly calculated the late fees charged to Plaintiff because her monthly payment was significantly reduced after insurance paid Hyundai.

35. Yet, Hyundai still demanded Plaintiff pay an amount that included these illegal late charges.

36. Because of Hyundai's violation, Plaintiff is entitled to "an amount equal to any finance charge and any fees charged to the buyer by reason of delinquency, plus attorney's fees and costs incurred by the buyer to assert rights under this part." Fla. Stat. § 520.12(2).

**COUNT II AS TO HYUNDAI'S VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT § 559.72(9)**

37. Plaintiff is a "consumer" as defined by Florida Statute § 559.55(8) because she is a natural person allegedly obligated to pay a debt in connection with the purchase of the Vehicle.

38. Hyundai is a "person" as defined under the FCCPA because it attempted to collect a consumer debt from Plaintiff.

39. Hyundai attempted to collect a "consumer debt" from Plaintiff because she purchased the Vehicle for personal, family, or household purposes.

5

40. Pursuant to Florida Statute § 559.72(9), "[i]n collecting consumer debts, no person shall … [c]laim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist."

41. Hyundai attempted to collect an illegitimate debt, and claimed and asserted a known non-existent legal right to collect a debt, when it directly communicated with Plaintiff demanding payment of the illegitimate debts described *supra*.

42. Hyundai also indirectly communicated with Plaintiff when Weltman sent letters to Plaintiff demanding payment of the illegitimate debt.

43. Hyundai's conduct caused Plaintiff substantial damage, including but not limited to the misrepresentation of an amount to a third party, the imminent possibility of paying an illegitimate debt, and prevention of the statutory right to accurate information concerning a consumer debt.

44. Because of its FCCPA violation, Hyundai is liable to Plaintiff for "actual damages and for additional statutory damages as the court may allow, but not exceeding $1,000, together with court costs and reasonable attorney's fees incurred by the plaintiff." Fla. Stat. § 559.77(2).

**COUNT III AS TO WELTMAN'S VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT § 559.72(9)**

45. Plaintiff is a "consumer" as defined by Florida Statute § 559.55(8) because she is a natural person allegedly obligated to pay a debt in connection with the purchase of the Vehicle.

46. Weltman is a "person" as defined under the FCCPA because it attempted to collect a consumer debt from Plaintiff.

6

47. Weltman attempted to collect a "consumer debt" from Plaintiff because she purchased the Vehicle for personal, family, or household purposes.

48. Pursuant to Florida Statute § 559.72(9), "[i]n collecting consumer debts, no person shall … [c]laim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist."

49. Weltman attempted to collect an illegitimate debt, and claimed and asserted a known non-existent legal right to collect a debt, when it directly communicated with Plaintiff demanding payment of the illegitimate debts described *supra*.

50. Weltman's conduct caused Plaintiff substantial damage, including but not limited to the misrepresentation of an amount to a third party, the imminent possibility of paying an illegitimate debt, and prevention of the statutory right to accurate information concerning a consumer debt.

51. Because of its FCCPA violation, Weltman is liable to Plaintiff for "actual damages and for additional statutory damages as the court may allow, but not exceeding $1,000, together with court costs and reasonable attorney's fees incurred by the plaintiff." Fla. Stat. § 559.77(2).

**COUNT IV AS TO WELTMAN'S VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT § 1692e(2)(A)**

52. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) because she is a natural person allegedly obligated to pay a debt in connection with the purchase of the Vehicle.

53. Weltman is a "debt collector" as defined by 15 U.S.C. § 1692a(6) because it is attempting to collect a debt owed or asserted to be owed or due another.

54. Weltman attempted to collect a debt as defined by 15 U.S.C. § 1692a(5) because Plaintiff was allegedly obligated to pay a debt in connection with the purchase of the Vehicle.

55. Weltman falsely represented the character, amount, and legal status of a known illegitimate debt when it sent letters to Plaintiff demanding payment of an illegitimate debt.

56. Weltman's conduct caused Plaintiff substantial damage, including but not limited to the imminent possibility of paying an illegitimate debt and prevention of the right to accurate information concerning the debt.

57. As a result of the above violation of the FDCPA, Weltman is liable to Plaintiff for actual damages and statutory damages of $1,000.00 per named Defendant found liable, together with attorney's fees and all costs of Plaintiff's representation. 15 U.S.C. § 1692k *et seq*.

**COUNT V AS TO WELTMAN'S VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT § 1692f(1)**

58. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) because she is a natural person allegedly obligated to pay a debt in connection with the purchase of the Vehicle.

59. Weltman is a "debt collector" as defined by 15 U.S.C. § 1692a(6) because it is attempting to collect a debt owed or asserted to be owed or due another.

60. Weltman attempted to collect a debt as defined by 15 U.S.C. § 1692a(5) because Plaintiff was allegedly obligated to pay a debt in connection with the purchase of the Vehicle.

61. Weltman attempted to collect a known illegitimate debt not permitted by law or agreement when it sent letters to Plaintiff demanding payment for an illegitimate debt.

62. Weltman's conduct caused Plaintiff substantial damage, including but not limited to the misrepresentation of an amount to a third party, the imminent possibility of

paying an illegitimate debt, and the prevention of the right to accurate information concerning the debt.

63. As a result of the above violation of the FDCPA, Weltman is liable to Plaintiff for actual damages and statutory damages of $1,000.00 per named Defendant found liable, together with attorney's fees and all costs of Plaintiff's representation. 15 U.S.C. § 1692k *et seq*.

## Relief Requested

WHEREFORE, Plaintiff respectfully requests this Court to enter judgment against Defendants for all of the following:

A. Actual damages;

B. Statutory damages under the MVSFA, FCCPA, and FDCPA;

C. Reasonable attorneys' fees and costs under the MVSFA, FCCPA, and FDCPA;

D. Plaintiff specifically reserves the right to amend her Complaint to add a claim for punitive damages; and

E. Such other and further relief as the Court may deem to be just and proper.

F. Plaintiff respectfully demands trial by jury in this action.

Dated: June 14, 2017

Respectfully submitted,

s/ Darren R. Newhart
Darren R. Newhart, Esq.
Florida Bar No.: 0115546
E-mail: darren@cloorg.com
J. Dennis Card Jr., Esq
Florida Bar No.: 0487473
E-mail:DCard@Consumerlaworg.com
Consumer Law Organization, P.A.
721 US Highway 1, Suite 201
North Palm Beach, Florida 33408
Telephone: (561) 822-3446
Facsimile: (305) 574-0132

9